IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CLINTON MICHAEL KIELY,**

    Petitioner,

    v.                                               CASE NO. 20-3174-SAC

**JOHNSON COUNTY SHERIFF'S DEPARTMENT,**

    Respondent.

## ORDER TO SHOW CAUSE

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed.

**Background**

Petitioner was convicted in 2016 in the district court of Johnson County of three counts of Assault of Law Enforcement Officer in violation of K.S.A. § 21-5412(c). *State v. Kiely*, Case No. 15CR01445 (Johnson County District Court). The docket for Case No. 15CR01445 shows that Petitioner filed a motion for modification of sentence on March 5, 2020, which was granted as to Count 1 on July 24, 2020. Petitioner filed a Notice of Appeal on July 30, 2020, which remains pending.

Petitioner pled guilty and was convicted of Escape from Custody in 2018. *State v. Kiely*, Case No. 16CR02722 (Johnson County District Court). On June 26, 2020, Petitioner filed a Motion to Withdraw Guilty Plea. *Id*. Petitioner filed a Motion for Modification of Sentence on July 14, 2020. *Id*. Petitioner's motions were denied on July 24, 2020, and Petitioner filed a

Notice of Appeal on July 30, 2020.  Petitioner's state court criminal cases remain pending.  Petitioner filed his current Petition for writ of habeas corpus on June 29, 2020.

**Discussion**

A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b)(1); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition.").  Because Petitioner's state criminal cases are pending, he should show good cause why his Petition should not be dismissed without prejudice to refiling after his state criminal matters are resolved.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until **September 3, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his Petition should not be dismissed without prejudice to refiling after his state criminal matters are resolved.

**IT IS SO ORDERED**.

**Dated August 12, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**